JOHN A. DICICCO
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

ADAM D. STRAIT
Mass. BBO No. 670484
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-2135
Facsimile: (202) 307-0054
adam.d.strait@usdoj.gov

WENDY J. OLSON
United States Attorney
District of Idaho
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILIP L. HART; TIM E. ORTEGA,<br>Trustee of WHITE PEAK VENTURES<br>et al.,<br><br>    Defendants. | Civil No. 11-513-EJL<br><br>UNITED STATES' OPPOSITION TO<br>ORTEGA'S DEMURRER (ECF No. 22) |

The plaintiff, the United States, hereby respectfully opposes the "Demurrer Pursuant to Lack of Standing as Trustee" filed by Tim E. Ortega (ECF No. 22). In

effect, Ortega's demurrer is a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6).  *See, e.g.*, *De Sole v. United States*, 947 F.2d 1169, 1178 n.13 (4th Cir. 1991).  Ortega argues that he is no longer the trustee of White Peak Ventures and therefore is not a proper party to the suit.  (*See* Demurrer 2 (ECF No. 22).)  The Court should treat the demurrer as a motion to dismiss and, for the following reasons, deny it.

## Background

In this suit, the United States seeks to foreclose its federal tax liens on a piece of real property in Kootenai County ("the Property").  The suit alleges that defendant Philip Hart owns the Property in substance; that the transfers by which he conveyed the Property were fraudulent, and should be disregarded; and that the Property should be sold in order to pay Hart's tax liabilities.  (*See generally* Compl. ¶¶ 21-34, 39-62 (ECF No. 1).)

As set out in the United States' Complaint, Hart acquired title to the Property in 1995.  On August 8, 1997, he conveyed it to Ortega as trustee of White Peak Ventures.  (*See* Real Property Deed to Trust, Ex. A to Strait Decl. at 5-6; *see also* Declaration of Trust of White Peak Ventures, Ex. B to Strait Decl. at 8-11.)  The following day, Ortega conveyed the Property to the unknown trustee of Sarah Elizabeth Hart Trust.  (*See* Warranty Deed, Ex. C to Strait Decl. at 13.)  The deed Ortega signed does not name a specific person as the trustee of Sarah Elizabeth Hart Trust.  (*See id.*)

U.S. Opp. to Demurrer
Page 2 of 7

**Argument**

Ortega argues that he resigned as trustee of White Peak Ventures "not long after the Trust was formed." (Demurrer 2 (ECF No. 22).) He disclaims any personal interest in the Property. (*See id.*) Therefore, he argues, he should be dismissed as a party to the suit. (*See id.*) For two reasons, Ortega's motion should be denied. First, the trustee of White Peak Ventures is a necessary and proper party to the suit. Second, Ortega is the trustee of record for White Peak Ventures.

**I.     Ortega Is the Trustee of Record for White Peak Ventures**

The Kootenai County records reflect that Ortega is the trustee of White Peak Ventures. (*See* Decl. of Trust, Ex. B to Strait Decl. at 8, 11.) The Declaration of Trust for White Peak Ventures, which Ortega executed, gives him the power to dispose of real property on that trust's behalf. (*Id.* at 9.) To the United States' knowledge, the records do not contain any record of Ortega's resignation or a change in trustee. Nor has Ortega provided any evidence to support his claim that he has resigned, nor suggested the identity of his successor. Therefore, the United States is entitled to presume that Ortega remains the trustee of White Peak Ventures. *See* Idaho Code § 55-814 ("No instrument containing a power to convey or execute instruments affecting real property, which has been recorded, is revoked . . . unless the instrument containing such revocation is also . . . recorded in the same office . . . .").

Furthermore, on a motion to dismiss, the Court must take as true the well-pleaded factual allegations in the complaint. *See, e.g., Knievel v. ESPN*, 393 F.3d

1068, 1072 (9th Cir. 2005). The United States has alleged that Ortega is the trustee of White Peak Ventures. (Compl. ¶ 7 (ECF No. 1).) While Ortega denies it, he has submitted no evidence to support his denial. Consequently, there is a dispute of fact regarding the identity of the trustee. At this stage, the Court must resolve the dispute in the United States' favor.

## II. The Trustee of White Peak Ventures is a Necessary and Proper Party to this Suit

First, although the trustee of White Peak Ventures (whether Ortega or not) might no longer claim an interest in the Property, he is a necessary and proper party to this suit.[1] Under Idaho law, an ownership interest in real property is conveyed by an instrument in writing. *See* Idaho Code §§ 55-813 (defining conveyance), 9-503 (statute of frauds). By statute, "[t]he name of the grantee and his complete mailing address must appear on [the] instrument." Idaho Code § 55-601. Where those requirements have not been met, the conveyance is invalid – and arguably insufficient to transfer any rights in the real property.

In this case, the deed by which Ortega conveyed the Property names only "Sarah Elizabeth Hart Trust" as the grantee. However, under Idaho law, trust property is owned by the trustee subject to an equitable obligation to the trust's beneficiaries. *See Indian Springs LLC v. Indian Springs Land Inv., LLC*, 215 P.3d 457, 465 (Idaho 2009). Thus, the grantee of property conveyed to a trust is the

---

[1] Ortega filed his Demurrer pro se. Since Ortega is not an attorney, he cannot represent a trust before this Court. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). The United States does not object to Ortega's Demurrer on this ground because he does not purport to represent White Peak Ventures.

U.S. Opp. to Demurrer
Page 4 of 7

7778320.1

trustee.  And here, the grantee is not identified.  While the deed will still be valid if the grantee can be identified by extrinsic evidence, *see Hill v. Hill*, 102 P.3d 1131, 1133 (Idaho 2004) (citing *Edwards v. Belknap*, 166 P.2d 451, 453 (Idaho 1946)), the United States has so far been unable to determine the identity of the trustee of Sarah Elizabeth Hart Trust – or even whether a trustee was appointed.  (*See generally* U.S. Mot. Permission Serve Doe, Trustee, by Publication (ECF No. 15).)  If no trustee can be identified through extrinsic evidence, the deed by which Ortega conveyed the Property to Sarah Elizabeth Hart Trust should arguably be found invalid, leaving Ortega, as the trustee of White Peak Ventures, the record title owner.

In filing this suit, the United States was required to name as a party "[a]ll persons . . . claiming any interest in the [P]roperty."  26 U.S.C. § 7403(b).  *See also* 37 Am. Jur. 2d Fraud. Conveyances & Transfers § 188 (explaining that fraudulent grantee is a necessary party-defendant).  Ortega, as trustee of White Peak Ventures, was named a defendant out of an abundance of caution: if no trustee for Sarah Elizabeth Hart trust could be found, the deed Ortega executed would be invalid.  As a result of that defect in the chain of title, Ortega would be a required defendant to this suit.

## Conclusion

For the reasons explained above, the trustee to White Peak Ventures is a necessary and proper party to this suit, and Ortega is the trustee of record.  If a successor trustee for White Peak Ventures could be identified, the United States

would likely have no objection to substituting the new trustee for Ortega.  (*See* Compl. ¶ 7.)  However, Ortega has not identified a successor.  Alternatively, if the trustee of Sarah Elizabeth Hart Trust participates in this case and identifies himself or herself as the grantee named in the deed Ortega signed, the requirements for a conveyance under Idaho law will be satisfied.  The United States would then have no objection to dismissing Ortega as a defendant because it would be clear that he no longer held an interest in the Property.

At this point, however, granting Ortega's Demurrer might prevent a full adjudication of the rights of all persons claiming an interest in the Property.  The Court should deny the Demurrer.

Respectfully submitted this 9th day of December, 2011.

        JOHN A. DICICCO
        Principal Deputy Assistant Attorney General
        U.S. Department of Justice, Tax Division

        /s/ Adam Strait
        ADAM D. STRAIT
        Mass. BBO No. 670484
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683, Ben Franklin Station
        Washington, D.C.  20044-0683
        Telephone: (202) 307-2135
        Facsimile: (202) 307-0054
        adam.d.strait@usdoj.gov

        WENDY J. OLSON
        United States Attorney
        District of Idaho
        *Of Counsel*

## CERTIFICATE OF SERVICE

I, Adam Strait, the undersigned, hereby certify that on December 9, 2011, I filed the foregoing Opposition with the Clerk of this Court through the Court's CM/ECF system. I further certify that on the same date, I served a true and complete copy of the same document(s) by first-class mail, postage prepaid, on the following persons at the following addresses:

| | |
|---|---|
| Philip L. Hart<br>4430 E. Sarah Loop<br>Athol, ID 83801 | James Hungerford<br>P.O. Box 1191<br>Shelton, WA 98584 |
| Tim E. Ortega<br>442 River Edge Road<br>Jupiter, FL 33477 | Charles E. McFarland<br>338 Jackson Road<br>New Castle, KY 40050-6733 |

Respectfully submitted this 9th day of December, 2011.

        /s/ Adam Strait
ADAM D. STRAIT
Mass. BBO No. 670484
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-2135
Facsimile: (202) 307-0054
adam.d.strait@usdoj.gov