Charles E. McFarland
Attorney at Law
Ohio Bar #0031808
338 Jackson Rd.
New Castle, Kentucky 40050
Phone and Fax (502) 845-2754
mcfarlandc@bellsouth.net

Counsel for Philip L. Hart

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CV11-513-N-EJL |
| Plaintiff, ) | |
| ) | |
| vs. ) | ANSWER |
| ) | |
| PHILP L. HART, et al, ) | |
| ) | |
| Defendant. ) | |

Now comes Philip L. Hart, through counsel, and submits his Answer and Affirmative Defenses to the allegations contained in the Plaintiff's Complaint filed on October 27, 2011.

## **ANSWER**

Defendant Hart's responses to the Complaint are set forth below. Defendant Hart;

1. Admits that the suit is an action to reduce to judgment and to foreclose on federal tax liens. He also admits the legal description is accurate. Defendant Hart lacks knowledge or

information sufficient to form a belief about the truth of the allegation that the suit is timely;

2. Admits the statutory jurisdiction, but lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the authorization and request of the Secretary of the United States or that the complaint is filed at the direction of the Attorney General;

3. Admits;

4. Admits it is in the proper District, but denies that it is in the proper Division;

5. Admits that he resides in the judicial district, but denies the balance of paragraph 5;

6. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 6;

7. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 7;

8. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 8;

9. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 9;

10. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 10;

11. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph11;

12. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 12 regarding the duly authorized delegate of Secretary of the Treasury timely assessing deficiencies and denies the balance of paragraph 12;

13. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 13;

14. Admits;

15. Admits;

16. Admits;

17. Admits:

18. Admits;

19. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 19;

20. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 20;

21. Admits;

22. Admits;

23. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 23;

24. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 24;

25. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 25;

26. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 26;

27. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 27;

28. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 28;

29. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 29;

30. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 30;

31. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 31;

32. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 32;

33. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 33;

34. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 34;

## COUNT I

35. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 35;

36. Denies;

37. Denies;

38. Denies;

## COUNT II

39. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 39;

40. Denies;

41. Denies;

42. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 42;

43. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 43;

44. Denies;

45. Admits;

46. Admits;

47. Denies;

48. Denies;

49. Denies;

50. Denies;

51. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 51;

52. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 52;

53. Denies;

54. Denies;

55. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 55;

56. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 56;

57. Denies;

### COUNT III

58. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 58;

59. Denies;

60. Denies;

61. Denies;

62. Denies;

### COUNT IV

63. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 63;

64. Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 64;

65. Denies;

### **AFFIRMATIVE DEFENSES**

The Defendant Hart sets forth his affirmative defenses as follows:

**Affirmative Defense 1** – The claims of the Plaintiff are barred because the **a**ssessments are not valid due to the failure of the IRS to comply with 26 U.S.C. §6203 and its implementing regulation 26 CFR §301.6203-1.

**Affirmative Defense 2** – Part of the assessments charged for the years 1997 through 2008 are barred because the United States through its agent(s) denied Defendant Hart his Freedom of Speech under the First Amendment to the Constitution by disallowing legal deductions because of a failure to divulge information regarding a book he wrote and published.

**Affirmative Defense 3** – Part of the assessments charged for the years 1997 through 2008 are barred because the United States through its agent(s) arbitrarily denied legal deductions without justification.

**Affirmative Defense 4** – Part of the assessments charged for the years 1997 through 2008 are barred by the Doctrine of Estoppel in that the IRS reached a settlement agreement regarding a IRS Summons/6700 letter against Defendant Hart seeking names of people who purchased Hart's book and are estopped from disallowing Hart's deductions for the years 1997 through 2008.

**Affirmative Defense 5** – The claims of the United States is barred as the 90 day letter (Notice of Deficiency) was served in violation of Idaho Constitutional Article III, Section 7 which bars Senators and representatives of Idaho from being served during the session of the legislature.

**Affirmative Defense 6** – The claims of the United States regarding the alleged assessments for the years 1997 through 2008 are barred by the tree years **s**tatute of limitations regarding returns in 26 U.S.C. §6501(a)

**Affirmative Defense 7** – The claims of the United States for assessments made from 1997 through 2004 are barred as the examinations were in violation of 26 U.S.C. §7605(b).

**Affirmative Defense 8 –** Part of the claims by the United States is barred due to Partial Satisfaction through payments made by Defendant Hart.

**Affirmative Defense 9 –** The United States action of foreclosure is barred by Idaho Code §55-918 which extinguishes a cause of action with respect of a fraudulent transfer after four years.

Dated this 5th day of January, 2012.

                                          Respectfully Submitted,

                                          /s/ *Charles E. McFarland*
                                          Charles E. McFarland
                                          Attorney at Law
                                          Ohio Bar #0031808
                                          338 Jackson Rd.
                                          New Castle, Kentucky 40050
                                          (502) 845-2754
                                          mcfarlandc@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned does hereby state that I filed the above Answer with the Clerk of Courts the Court's MC/ECF electronic filing system on January 5, 2012. I additionally served a copy of the same Answer on the following persons at their respective addresses.

| | |
|---|---|
| Tim E. Ortega | James Hungerford |
| 442 River Ridge Road | P.O. Box 1191 |
| Jupiter, FL 33477 | Shelton, WA 98584 |

                                          /s/ Charles E. McFarland
                                          Charles E. McFarland