JOHN A. DICICCO
Principal Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

ADAM D. STRAIT
Mass. BBO No. 670484
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-2135
Facsimile: (202) 307-0054
adam.d.strait@usdoj.gov

WENDY J. OLSON
United States Attorney
District of Idaho
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PHILIP L. HART, et al.,<br><br>　　Defendants. | Civil No. 11-513-EJL<br><br>UNITED STATES' MOTION TO STRIKE AFFIRMATIVE DEFENSE ASSERTED BY PHILIP L. HART |

　　　The plaintiff, the United States, hereby respectfully moves the Court,

pursuant to Federal Rule of Civil Procedure 12(f), to strike one of the affirmative

defenses that defendant Philip Hart asserted in his Answer (ECF No. 33).  In

Affirmative Defense 5, Hart asserted legislative immunity under Article III, Section 7 of the Idaho Constitution.  Federal law, not state law, determines the scope of legislative immunity from a federal-law cause of action.  And there is no set of facts under which Hart is entitled to assert legislative immunity for failing to pay his federal income taxes.  The Court should strike Affirmative Defense 5 because it is legally insufficient.

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense."  While courts often view motions to strike with disfavor, they are appropriate where an affirmative defense "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action."  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller, *Federal Practice & Procedure*, § 1380 (2d ed. 1990) (internal quotation marks omitted)).  *See also* Fed. R. Civ. P. 12 adv. comm. notes to 1946 amendments (explaining insertion of clause).  A well-taken motion to strike permits the parties "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Hart's defense that the United States' claims are barred because of his status as a state legislator presents an issue unconnected to the merits of the case.  It therefore risks "confus[ing] the issues" before the Court.  It is also, for the reasons explained below, an insufficient defense as a matter of law.

Hart contends that "[t]he claims of the United States [are] barred as the 90 day letter (Notice of Deficiency) was served in violation of Idaho Constitutional Article III, Section 7 which bars Senators and representatives of Idaho from being served during the session of the legislature." Article III, Section 7 of the Idaho Constitution provides that "[s]enators and representatives . . . shall not be liable to any civil process during the session of the legislature." The United States assumes, for purposes of this Motion, that the IRS issued the statutory notice of deficiency for each tax period during a time when the Idaho House of Representatives was in session and during one of Hart's terms of service. The United States also assumes that the mailing of a notice of deficiency under 26 U.S.C. § 6212 constitutes "civil process" within the meaning of the Idaho Constitution's clause – even though the more usual meaning of the term "civil process" is a writ to appear in court, *see, e.g.*, Idaho Code § 7-1026(2), which a notice of deficiency is not, *see* 26 U.S.C. § 6212. And the United States assumes that the Idaho Constitution's clause is broader than the Speech and Debate Clause in the United States Constitution, which does not reach activity "that is in no wise related to the due functioning of the legislative process," *United States v. Johnson*, 383 U.S. 169, 173 (1966). Hart's reliance on Idaho law is misplaced because federal law controls the scope of legislative immunity to a federal cause of action.

This suit concerns Hart's liability for federal income taxes. The United States' causes of action are based on federal statutes. *See* 26 U.S.C. §§ 7401, 7403. "The elements of, and the defenses to, a federal cause of action are defined by

federal law." *Howlett v. Rose*, 496 U.S. 356, 375 (1990). State-law immunity statutes – or constitutional provisions – cannot block a federal suit. *See, e.g.*, *Martinez v. California*, 444 U.S. 277, 284 & n.8 (1980) ("It is clear that the California immunity statute does not control this claim even though the federal cause of action is being asserted in the state courts."); *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000); *Empress Casino Joliet Corp. v. Blagojevich*, 638 F.3d 519, 529-31 (7th Cir. 2011) (rejecting argument that state legislative immunity law governed regarding federal cause of action). As the Seventh Circuit explained, "There is good reason to preserve the content and scope of federal immunity doctrine from state encroachment. Were it otherwise, states could . . . immunize [their officials] for federal constitutional or statutory violations, frustrating the operation and uniformity of federal law." *Empress Casino*, 638 F.3d at 530. Hart can only invoke a legislative immunity defense if it is available under federal law.

It is not. Under federal law, "legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity. . . . Whether an act is legislative turns on the nature of the act . . . ." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). The scope is equivalent to the immunity afforded by the United States Constitution's Speech and Debate Clause. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 476 (9th Cir. 1998). As the Supreme Court has explained, legislative acts are those "generally said or done in the [legislature] in the performance of official duties." *United States v. Brewster*, 408 U.S. 501, 512 (1972). Even other acts taken in an official capacity may not qualify for protection. *See id.*

at 512-13 (distinguishing activities taken in official capacity that "are political in nature rather than legislative").

The allegations in this case concern Hart's failure, as a private citizen, to pay his federal income taxes. (*See generally* Compl. (ECF No. 1).) They have nothing to do with his legislative activities. Legislators are not "a special class of citizens protected from suit (or prosecution) arising out of any activity that could assist in the performance of their official duties," *Bastien v. Off. of Sen. Ben Nighthorse Campbell*, 390 F.3d 1301, 1306-07 (10th Cir. 2004), much less a special class protected from suit arising out of any activity at all.

\\

\\

\\

\\

For the foregoing reasons, Hart cannot assert a state-law legislative immunity defense to this lawsuit, and there is no set of facts under which he would be entitled to a federal-law legislative immunity defense.  The Court should strike Affirmative Defense 5 pursuant to Federal Rule of Civil Procedure 12(f) because it is an "insufficient defense."

Respectfully submitted this 11th day of January, 2012.

                                      JOHN A. DICICCO
                                      Principal Acting Assistant Attorney General
                                      U.S. Department of Justice, Tax Division

                                      /s/ Adam Strait
                                      ADAM D. STRAIT
                                      Mass. BBO No. 670484
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 683, Ben Franklin Station
                                      Washington, D.C.  20044-0683
                                      Telephone: (202) 307-2135
                                      Facsimile: (202) 307-0054
                                      adam.d.strait@usdoj.gov

                                      WENDY J. OLSON
                                      United States Attorney
                                      District of Idaho
                                      *Of Counsel*

## CERTIFICATE OF SERVICE

I, Adam Strait, the undersigned, hereby certify that on January 11, 2012, I filed the foregoing with the Clerk of this Court through the Court's CM/ECF system. I further certify that on the same date, I served a true and complete copy of the same document(s) on Charles E. McFarland and Robert R. Romero, Jr., attorneys for Philip Hart, through the Court's CM/ECF system.  I further certify that on the same date, I served a true and complete copy of the same document(s) by first-class mail, postage prepaid, on the following persons at the following addresses:

> Tim E. Ortega
> 442 River Edge Road
> Jupiter, FL 33477

Respectfully submitted this 11th day of January, 2012.

>  /s/ Adam Strait
> ADAM D. STRAIT
> Mass. BBO No. 670484
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 683, Ben Franklin Station
> Washington, D.C.  20044-0683
> Telephone: (202) 307-2135
> Facsimile: (202) 307-0054
> adam.d.strait@usdoj.gov