Charles E. McFarland
Attorney at Law
Ohio Bar #0031808
338 Jackson Rd.
New Castle, Kentucky 40050
Phone and Fax (502) 845-2754
mcfarlandc@bellsouth.net

Counsel for Jon Lafferty, Trust of Sarah Elizabeth Hart Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CV11-513-N-EJL |
| Plaintiff, ) | |
| ) | |
| vs. ) | RULE 12(b)(6) MOTION TO DISMISS |
| ) | FOR FAILURE TO STATE A CLAIM |
| PHILP L. HART, et al ) | |
| ) | |
| Defendants. ) | |

**RULE 12(b)(6) MOTION TO DISMISS
FOR FAILURE TO STATE A CAUSE OF ACTION**

Now comes Defendant Jon Lafferty, Trustee of Sarah Elizabeth Hart Trust (hereinafter

"the trust"), through counsel, and moves this court to dismiss the complaint against the

Trust for failing to state a claim pursuant under FRCP 12(b)(6). Support for the motion

is set forth in the following Memorandum.

## MEMORANDUM

**A. Introduction.**

On October 27, 2011 the United States filed a Complaint alleging that it has certain tax assessments against Defendant Hart and that the suit was to reduce to judgment said assessments and to foreclose on certain alleged deferral tax liens on a parcel of real property in Kootenai County, Idaho. The complaint named, among others, Philip L. Hart, and John Doe, Trustee of Sarah Elizabeth Hart Trust.

The Defendant Trustee for the Sarah Elizabeth Hart Trust submits that the government has failed to state a claim against the trust for which relief can be granted. Accordingly, the trust submits that the complaint and all the allegations and claims set forth in the complaint against the trust must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B. Standard of Review.**

When a plaintiff fails to state a claim Rule 12(b)(6) authorizes the defendant to file a motion to dismiss. The Supreme Court in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957) has set the standard for determining whether a motion to dismiss under Rule 12(b)(6) should be granted or not. *Conley* held, "In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The 9th circuit follows the same principle, see *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) and notes that "On a motion to dismiss, the court accepts the facts alleged in the complaint as true" when reviewing a motion to dismiss under Rule 12(b)(6).

**C. Facts Pertaining to Trust Assumed to be True.**

Consistent with the standard of review established by *Conley* and *Balistreri*, the trust summarizes the assumed facts. The allegations against Hart primarily were made in ¶¶5, 12 through 20 and were summarized in Count I as an action to reduce the alleged unpaid assessments to judgment. The allegations against the trust primarily were made in ¶¶6 (claiming an interest in the property) and 31 through 34 (alleging the transfer of property to the trust). The allegations against the trust were summarized in Count II as an action to set aside an alleged fraudulent transfer. These facts were further made the basis of the alleged claim in Count III that Hart is the true and beneficial owner of the property.

In ¶6 of the complaint the government claims that the Sarah Elizabeth Hart Trust is a purported trust and that it may claim an interest in the property sought to be foreclosed by the government. To clarify these facts the trust responds to this allegation as follows:

1. Jon Lafferty, P.O. Box 1341, Hayden, Idaho 83835 is the current trustee of the Sarah Elizabeth Hart Trust; and
2. Defendant Philip L. Hart was not a beneficiary of the trust in 1997, nor has he ever been a beneficiary of the trust.

In ¶21 the government gives the legal description of the property it intends to make the subject of its foreclosure action. In ¶¶31 through 34 the government makes several allegations regarding the transfer of the property into the trust. These assumed to be true facts are:

1. The property (as described in paragraph 21) was transferred from Hart on August 8, 1997 into White peak Venture, with Tim E. Ortega as Trustee;
2. The property was then transferred into the trust from White Peak Ventures on August 9, 1997;
3. A second Real property Deed to Trust was executed by Hart to convey any interest he had in the property to White Peak Ventures on August 25, 1997 to correct the legal description;
4. A delegate for the Secretary of Treasury recorded Notices of Federal Tax Lien regarding the alleged unpaid tax assessments described in paragraph 12 and named the trust as Hart's nominee;

5. A delegate for the Secretary of Treasury, on November 22, 2010, refiled these Notices of Federal Tax Lien regarding the alleged unpaid tax assessments that had been filed on April 28, 2008; and
6. A delegate for the Secretary of Treasury, on November 22, 2010, refiled these Notices of Federal Tax Lien regarding the alleged unpaid tax assessment that had been filed on March 23, 2004.

The foregoing facts as alleged by the government clearly establish that the property was transferred from Hart, at the earliest on August 8, 1997 and at the latest on August 9, 1997. The government alleges that the filings were made in the recorder's office, which was notice to the public that the property was transferred in trust for the beneficiaries. In any events these facts are assumed to be true.

Further facts that are assumed to be true are:

1. The government made it first assessment on March 3, 2001, per ¶12;
2. The government made its first tax lien against Hart on March 23, 2004, per ¶32;
3. The governments first tax lien against the trust was on April 28, 2008, per ¶32; and
4. The first claim by the government of a fraudulent transfer was in Count II of the complaint filed on October 27, 2011.

**D. Government's Claim Fails to State a Claim Against the Trust.**

It is well settled that the definition of underlying property interest is left to state law, see *United States v. Rodgers*, 461 U.S. 677, 683 (1983) and *Aquilino v. United States*, 363 U.S. 509, 513-515 (1960). The government has alleged that certain property was from Hart to the White Peak Ventures on August 8, 1997. The government has also alleged that White peak Ventures transferred the property to the trust on August 25, 1997. The government has made no claim that said transfer was illegal under Idaho law.

The government has, however, alleged in Count II that the transfers in 1997 from Hart to White Peak ventures, then eventually to the trust were fraudulent transfers. There are two statutes of limitation that extinguish actions in fraudulent conveyance after a certain time.

4

**1.  Idaho Code Section 55-918. EXTINGUISHMENT OF A CAUSE OF ACTION**

The Idaho statute of limitations extinguishing a fraudulent conveyance action is §55-918. It states,

> A cause of action with respect to a fraudulent transfer or obligation under this act is extinguished unless action is brought:
> (1) Under section 55-913(1)(a), Idaho Code, within four (4) years after the transfer was made or the obligation was incurred or, if later, within one (1) year after the transfer or obligation was or could reasonably have been discovered by the claimant;
> (2) Under section 55-913(1)(b) or 55-914(1), Idaho Code, within four (4) years after the transfer was made or the obligation was incurred; or
> (3) Under section 55-914(2), Idaho Code, within one (1) year after the transfer was made or the obligation was incurred.

Since the alleged obligation arose at the time of the assessment, see *United States v. McDermott*, 507 U.S. 447, 448 (1993) (Upon assessment, the law creates a lien in favor of the United States), only §§55-913(1)(a) and 55-913(1)(b) are applicable, based on the allegations made by the government in the complaint.

> **§ 55-913. TRANSFERS FRAUDULENT AS TO PRESENT AND FUTURE CREDITORS**
>
> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> 1. was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> 2. intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

5

(2) In determining actual intent under subsection (1)(a) of this section, consideration may be given, among other factors, as to whether:

(a) The transfer or obligation was to an insider;

(b) The debtor retained possession or control of the property transferred after the transfer;

(c) The transfer or obligation was disclosed or concealed;

(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(e) The transfer was of substantially all the debtor's assets;

(f) The debtor abscounded [absconded];

(g) The debtor removed or concealed assets;

(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Since the transfers were recorded and constitute public notice, there remains four alternative time periods under the Idaho fraudulent conveyance extinguishment statute within which the government was required to bring its action for fraudulent conveyance. The first two are under §55-913(1)(a). The first one under this statute requires the government to file an action within four years of the transference. This would mean that the government would have had to file an action for fraudulent conveyance by August 8, 2001, since the transference was made on August 8, 1997, or the action would be extinguished. The second one under this statute requires the government to file an action within one year after the obligation was incurred. The government

claims the first assessment was made on March 12, 2001. Thus, the government would have had to file an action by March 12, 2002.

The third and fourth alternatives are under §55-913(1)(b). These alternatives may also be applicable because the government has made allegations that fit within its criteria. In any event, the first one under this statute requires the government to file an action within four years of the transference. This would mean that the government would have had to file an action for fraudulent conveyance by August 8, 2001, since the transference was made on August 8, 1997, or the action would be extinguished. The second one under this statute requires the government to file an action within four years after the obligation was incurred. The government claims the first assessment was made on March 12, 2001. Thus, the government would have had to file an action by March 12, 2005.

The government filed its cause of action for fraudulent conveyance on October 27, 2011. Thus, no matter which of the alternatives are applied, the government failed to timely file its fraudulent action conveyance action. Accordingly, the claim for fraudulent conveyance is extinguished under Idaho law.

   **2.  Limitations Under 28 U.S.C. §3306.**

Congress has also passed legislation that extinguishes the government's ability to file an untimely fraudulent conveyance action. The time limitations mandated by Congress are somewhat different than the Idaho limitations. 28 U.S.C. §3306 (b) states,

> **§ 3306. Remedies of the United States**
>
> (b)    Limitation
>     A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought-
>       (1) under section 3304 (b)(1)(A) within 6 years after the transfer was made

> or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;
> (2) under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the transfer was made or the obligation was incurred; or
> (3) under section 3304 (a)(2) within 2 years after the transfer was made or the obligation was incurred.

28 U.S.C. §§3304 and 3306 are substantially similar. The only pertinent difference is where the Idaho statutes requires the filing of fraudulent conveyance action within four years of the transfer or two years of the occurrence of the obligation, whereas the federal statute uses six years and two years respectively. Thus, pursuant to the first two alternatives under §3304(b)(1)(A) the government would have had to file its action in fraudulent conveyance by August 8, 2003 and March 12, 2003. Under §3304(a)(1) and (b)(1)(B) the second two alternatives would require the government to file its action in fraudulent conveyance by August 8, 2003 and March 12, 2007 respectively.

The government filed its cause of action for fraudulent conveyance on October 27, 2011. Thus, no matter which of the alternatives under federal law are applied, the government failed to timely file its fraudulent action conveyance action. Accordingly, the claim for fraudulent conveyance is extinguished under federal law.

E. Conclusion.

Defendant Trustee for Sarah Elizabeth Hart Trust has shown that there are two statutes of limitations that bar the government from pursuing a fraudulent conveyance claim against it. The government has failed to timely file its fraudulent conveyance action under either the Idaho extinguishment of fraudulent conveyances actions, or the federal statute of limitations for filing fraudulent conveyances action. Accordingly, the Defendant Trustee respectfully requests that the

Court grant this Rule 12(b)(6) motion and dismiss the fraudulent conveyance action against the trust.

Dated this 3rd day of February, 2012.

                                                Respectfully Submitted,

                                                /s/ *Charles E. McFarland*
                                                Charles E. McFarland
                                                Attorney at Law
                                                Ohio Bar #0031808
                                                338 Jackson Rd.
                                                New Castle, Kentucky 40050
                                                (502) 845-2754
                                                mcfarlandc@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned does hereby state that I filed the above Rule 12(b)(6) Motion to dismiss with the Clerk of Courts the Court's MC/ECF electronic filing system on February 3, 2012. I additionally served a copy of the same Answer on the following persons at their respective addresses.

| | |
|---|---|
| Tim E. Ortega | James Hungerford |
| 442 River Ridge Road | P.O. Box 1191 |
| Jupiter, FL 33477 | Shelton, WA 98584 |

                                                /s/ Charles E. McFarland
                                                Charles E. McFarland