Charles E. McFarland
Attorney at Law
Ohio Bar #0031808
338 Jackson Rd.
New Castle, Kentucky 40050
Phone and Fax (502) 845-2754
mcfarlandc@bellsouth.net

Counsel for Jon Lafferty, Trust of Sarah Elizabeth Hart Trust


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CV11-513-N-EJL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPLY TO UNITED STATES' |
| | ) | OPPOSITION TO TRUSTEE JON |
| PHILP L. HART, et al | ) | LAFFERTY'S MOTION TO DISMISS |
| | ) | FOR FAILURE TO STATE A CLAIM |
| Defendants. | ) | |

**REPLY TO UNITED STATES'_OPPOSITION TO TRUSTEE JON
LAFFERTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Now comes Defendant Jon Lafferty, Trustee of Sarah Elizabeth Hart Trust (hereinafter

"the Trustee"), through counsel, and submits his reply to the United States' Opposition

To Trustee Jon Lafferty's Motion to Dismiss for Failure to State a Claim. Support for

the motion is set forth in the following Memorandum.

## MEMORANDUM

**A.  Introduction.**

On October 27, 2011 the United States filed a Complaint alleging that it has certain tax assessments against Defendant Hart and that the suit was to reduce to judgment said assessments and to foreclose on certain alleged deferral tax liens on a parcel of real property in Kootenai County, Idaho, which is currently recorded under the name of Sarah Elizabeth Hart Trust. The complaint named, among others, Philip L. Hart, and John Doe, Trustee of Sarah Elizabeth Hart Trust.  Jon Lafferty was identified as the Trustee in his Rule 12(b)(6) Motion to Dismiss (Doc #39). The complaint further alleged that the property was fraudulently transferred from Hart to the White Peak Ventures and then to the Sarah Elizabeth Hart Trust.

   The Defendant Trustee for the Sarah Elizabeth Hart Trust filed a Rule 12(b)(6) motion to dismiss alleging that the government failed to state a claim against the trust for which relief can be granted. The basis for the Trustee's motion was that State of Idaho and the Federal Debt Collection Procedures Act (FDCPA) statutes of limitations prohibiting the filing of actions claiming a fraudulent transfer had both expired prior to the filing of the complaint by the United States. The United States opposes the motion to dismiss. Now the Defendant Trustee replies. Accordingly, the Trustee submits that the complaint and all the allegations and claims set forth in the complaint against the trust must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.  Reply**

In its oppositions to the Motion to Dismiss the United States basically agreed with the Trustee regarding the legal standard for reviewing a Rule 12(b)(6) motion to dismiss. In addition the Unites States opposes the application of both the Idaho and the FDCPA statutes of limitations

regarding fraudulent transfers. The Trustee will focus on the United States' opposition to the application of the Federal statute of limitations.

The United States in its opposition to the application of the Federal statute of limitations appears to claim that the statute of limitations set forth in 28 U.S.C. §3306 is a part of the FDCPA, 28 U.S.C. §§3001 *et seq*. According to the United States, because its complaint deals with federal taxes and the statute of limitations on fraudulent transfers is a part of the FDCPA, the FDCPA is not applicable. The premise of the United States is not true as will be shown below. Its premise is also in violation of the Supreme Court's "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative," see *Department of Revenue of Ore. v. ACF Industries, Inc.,* 510 U.S. 332, 340 (1994).

The FDCPA specifically defines its applicability. §3001states as follows:

> (a) **In General**
> Except as provided in subsection (b), ***the [1] chapter provides the exclusive civil procedures for the United States-***
> > (1***) to recover a judgment on a debt***; or
> > (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.
>
> (b) **Limitation**
> ***To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter.***
>
> (c) Amounts Owing Other Than Debts
> This chapter shall not apply with respect to an amount owing that is not a debt or to a claim for an amount owing that is not a debt.
>
> [1] So in original. Probably should be "this".  (Emphasis added)

There are two aspects of §3001 which the United States seems to overlook. First, the FDCPA is the ***exclusive civil procedure*** for the United States to follow when seeking to recover a judgment

on a ***debt***. A debt owed to the United States is defined in 28 U.S.C. §3002(3). A debt is defined as follows:

> (3) "Debt" means-
>   (A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or
> (B) ***an amount that is owing to the United States*** on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, ***tax***, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States.

Thus, the ***exclusive civil procedure*** for the United States to recover on a debt due to taxes is the FDCPA, **UNLESS**, there is another Federal law which "specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter."

The United States claims to quote 28 U.S.C. §3306(b)(1) on page 5 of its opposition. But said quote does not appear in that section.  Nor does the quote appear in §3001(b)(1). §3001(b)(1) is accurately quoted above.

The quotation is actually found in §3003 as follows:

> (b) **Effect on Rights of the United States**
> This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law-
>
> > (1) to collect taxes or to collect any other amount collectible in the same manner as a tax.

The United States has taken the foregoing quote out-of text to make an unsupported claim that the FDCPA "does not apply to an action brought under another federal law, including the Internal Revenue Code." A plain English reading of the FDCPA reveals an opposite meaning that is unambiguous.

§3001 expressly states that this "chapter provides the **_exclusive civil procedures_** for the United States- (1) to recover a judgment on a debt." The complaint filed by the United States "seeks to reduce to judgment certain outstanding federal tax liabilities assessed against defendant Philip L. Hart ("Hart") and to foreclose certain federal tax liens on a parcel of real property … ." The complaint further alleges that the complaint is filed under 26 U.S.C. §§7401 and 7403. Jurisdiction is also claimed under these two sections. §7401 simply states that no civil action shall commence without the approval of the Secretary of the IRS and the Attorney General. §7403 authorizes a civil action to enforce a lien of the United States. The United States derived its ability to enforce a lien through the following steps:[1]

1. Notices of Deficiency were sent to the taxpayer pursuant to 26 U.S.C. §6212 and/or a tax return was filed;
2. The taxpayer either failed to file a Petition with the United States Tax Court within 90 days (§6213) and/or the Tax Court made a determination (§6214);
3. The tax was assessed after the 90 days if he failed to Petition the Tax Court (§6213), or the tax shall be assessed after the Tax court decision became final and within 60 days (§§6214 and 6303(a));
4. Notices and demands for the tax has been sent ((§6303(b));
5. A lien in favor of the United States accrues (§6321)[2]; and
6. The United States filed an action to enforce the lien (§7403).

Thus, pursuant to the language of the Internal Revenue Code, a lien in favor of the United States is enforced by a civil action. By filing the complaint the United States has initiated a civil action, which is subject to the FDCPA, pursuant to the **_exclusive civil procedure_** language of 28 U.S.C. §3001(a). Since the FDCPA has included taxes as a debt, an interpretation that the

---

[1] These steps are consistent to the United States claims in ¶¶13 and 40 of its complaint.

[2] 26 U.S.C. §6321 states, "If any person liable to pay any tax neglects or refuses to pay the same **_after demand_**, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) **_shall be a lien in favor of the United States_** upon all property and rights to property, whether real or personal, belonging to such person." (Emphasis added)

FDCPA excludes taxes is a violation of the elementary canon expressed by the Supreme Court in *ACF Industries, Inc, supra.*

The United States seeks to use the quote from 28 U.S.C. §3003(b)(1) as authority to claim that the instant action is exempt from the FDCPA. But §3003(b)(1) only applies to the collection of taxes without a civil action. The section is clear in that it does not mention civil actions. The IRS does not always need civil court actions to collect taxes. Pursuant to 26 U.S.C. §§6331 *et seq*, the IRS has the ability to seize property through levy and distraint by following the procedures set forth in §§6331 *et seq*. These sections do not require a civil action to be filed.

Therefore, the FDCPA does not expressly decline to limit the United States' ability to collect taxes in all circumstances as the United States claims. The collecting of a tax through civil procedures is governed by the exclusive language of §3001(b). The exemption for the collection taxes under the FDCPA without court action is governed by §3003(b)(1). Thus, from the plain and unambiguous language of the FDCPA and the IRC, as well as being consistent with the elementary canon in *ACF Industries, Inc.*, §3001(b) applies exclusively to civil actions and §3003(b)(1) applies to collection actions. Since 28 U.S.C. §3306 govern actions regarding fraudulent transfers, the limitations contain therein are applicable. §3306 specifically and expressly states;

> (b)    **Limitation**
> A claim for relief with respect to *a fraudulent transfer or obligation* under this subchapter is extinguished unless action is brought-
>> (1)under section 3304 (b)(1)(A) *within 6 years after the transfer* was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;
>> (2)under subsection (a)(1) or (b)(1)(B) of section 3304 *within 6 years after the transfer was made* or the obligation was incurred; or
>> (3)under section 3304 (a)(2) within 2 years after the transfer was made or the obligation was incurred.

The United States did not seek a claim for relief with respect to a fraudulent transfer[3] until it filed this complaint on October 27, 2011. The United States is not attempting to collect taxes without the use of a civil action, which §3003(b)(1) exempts . But it is attempting to collect taxes through a court action to enforce a lien. As such, The United States must follow the ***exclusive civil procedures*** under the FDCPA, which require that a civil action to set aside a fraudulent transfer to be filed within six years of the transfer. Since the alleged fraudulent transfer occurred in 1997, and the claim to set aside the fraudulent transfer was not made by the United States until 2011, any claims against the Trustee for the Sarah Elizabeth Hart Trust must be dismissed.

The United States cites several cases in an attempt to show that the statute of limitations in FDCPA does not apply to an action to enforce a lien in which the United States makes a claim of a fraudulent transfer. These cases are *United States v. Novak*, 476 F.3d 1041, 1045 n.6 (9th Cir. 2007) ("Collection under FDCPA is an alternate means of collecting money due the United States, independent of the tax lien provisions."); *United States v. Bantau*, 907 F. Supp. 988, 990 (N.D. Tex. 1995) (holding that claim to recover tax liabilities was not barred by FDCPA); *United States v. Carney*, 796 F.Supp. 700, 702-03 (E.D.N.Y. 1992) (same). None of these cases recognized the distinction between a recovering through a civil action under 28 U.S.C. §3001(b) and a collection of taxes without a civil action under 28 U.S.C. §3003(b)(1). Furthermore, all of these case holdings rendering the FDCPA definition of a debt, which includes taxes as a debt to the United States, as inoperative because taxes are involved are in violation of the elementary canon set forth in *ACF Industries, Inc*. In fact, the only case that gives any authority for the conclusion that the FDCPA was not applicable in IRS civil actions was the *Bantau* case, *supra*,

---

[3] Note that the United States did not allege that Hart incurred a fraudulent obligation to the United States.

which cited *United States v. Werner*, 857 F.Supp. 286, 289 (S.D.N.Y.1994). The *Warner* court also failed to note the distinction between a civil action and a collection action.

The United States concludes its argument with, "The applicable statute of limitations is the one in the Internal Revenue Code – 26 U.S.C. § 6502(a)(1), which permits the United States to bring suit within ten years of the assessment (without regard to actions that suspend the statute.)" The phrase in the parentheses is a conclusion made by the United States that is in violation of the elementary canon set forth in *ACF Industries, Inc.*. 28 U.S.C. §3001(b) states,

> To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, ***those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter***. (Emphasis added)

§6502(a)(1) only addresses assessments in general. It does not account for, or even mention fraudulent transfers. Thus, there is nothing in §6502(a)(1) inconsistent with the fraudulent transfer limitations in the FDCPA. An interpretation that the ten year limitation in §6502(a)(1) is without regard to any statute of limitations renders the FDCPA definition of a debt, which specifically includes taxes, inoperative under the principle in *ACF Industries, Inc.*, *supra*. Accordingly, the proper statute to apply is the exclusive procedure regarding fraudulent transfers in the FDCPA in §3306.

## C.  Conclusion.

Defendant Trustee for Sarah Elizabeth Hart Trust has shown that the FDCPA does apply to the United States claim to set aside a fraudulent transfer. The government has failed to timely file its fraudulent conveyance action the federal statute of limitations for filing fraudulent conveyances action. Accordingly, the Defendant Trustee respectfully requests that the Court grant this Rule 12(b)(6) motion and dismiss the fraudulent conveyance action against the trust.

Dated this 27th day of February, 2012.

Respectfully Submitted,

*/s/ Charles E. McFarland*
Charles E. McFarland
Attorney at Law
Ohio Bar #0031808
338 Jackson Rd.
New Castle, Kentucky 40050
(502) 845-2754
mcfarlandc@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned does hereby state that I filed the above Rule 12(b)(6) Motion to dismiss with

the Clerk of Courts the Court's MC/ECF electronic filing system on February 27, 2012. I

additionally served a copy of the same Answer on the following persons at their respective

addresses.

Tim E. Ortega                          James Hungerford
442 River Ridge Road                   P.O. Box 1191
Jupiter, FL 33477                      Shelton, WA 98584

                                       /s/ Charles E. McFarland
                                       Charles E. McFarland