UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>PHILIP HART, et al<br><br>                    Defendants. | District Case No. 2:11-CV-00513-EJL<br><br><br>**ORDER** |

Pending before the Court in the above entitled matter is Plaintiff's Motion to Strike

Affirmative Defense made pursuant to Federal Rule of Civil Procedure12(f). The parties

have filed their responsive briefing and the matter is ripe for the Court's review. Having

fully reviewed the record herein, the Court finds that the facts and legal arguments are

adequately presented in the briefs and record. Accordingly, in the interest of avoiding

further delay, and because the Court conclusively finds that the decisional process would

not be significantly aided by oral argument, this Motion shall be decided on the record

before this Court without oral argument.

**ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, United States of America, filed a Complaint in this matter seeking to reduce tax assessments to judgment and to foreclose federal tax liens on a parcel of real property located in Kootenai County, Idaho. (Dkt. 1.) The Complaint names several Defendants including one Philip L. Hart who is the subject of the instant Motion. (Dkt. 1.) Defendant Hart filed an Answer to the Complaint raising nine affirmative defenses. (Dkt. 33.) Plaintiff then filed its Motion to Strike seeking to strike the fifth affirmative defense rased by Defendant Hart which asserts legislative immunity under Article III, Section 7 of the Idaho Constitution. (Dkt. 35.) It is this Motion the Court takes up in this Order.

## STANDARD OF LAW

Federal Rule of Civil Procedure 12(f) provides:

> Motion to Strike. The court may strike from a pleading an insufficient
> defense or any redundant, immaterial, impertinent, or scandalous matter.
> The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or,
> if a response is not allowed, within 21 days after being served with the
> pleading.

Fed. R. Civ. 12(f). "[T] he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D.

**ORDER - 2**

Cal. 2003). Thus, courts freely grant leave to amend stricken pleadings unless it would prejudice the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979); see also Fed. R. Civ. P.  15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Kohler v. Islands Restaurants, LP*, 2012 WL 524086, at *2 (S.D. Cal. 2012). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Id.* (quoting *Wyshak*, 607 F.2d at 827) (citations omitted). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id.* (quoting *McArdle v. AT & T Mobility, LLC*, 657 F.Supp. 1140, 1149–50 (N.D. Cal. 2009).  "To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." *SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995) (citations and internal quotation marks omitted). "[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes v. AT & T Pension Ben. Plan–Nonbargained Prog.*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010) (citations and internal quotation marks omitted).

ORDER - 3

## DISCUSSION

Here, Defendant Hart's fifth affirmative defense states:

> The claims of the United States is barred as the 90 day letter (Notice of Deficiency) was served in violation of Idaho Constitutional Article III, Section 7 which bars Senators and representatives of Idaho from being served during the session of the legislature.

(Dkt. 33 at 7.) Plaintiff argues there are no facts under which Defendant Hart can assert legislative immunity for failing to pay his federal income taxes and, therefore, the fifth affirmative defense should be stricken. (Dkt. 35 at 2.) In particular, Plaintiff asserts Federal law, not state law, determines the scope of any legislative immunity in this federal-law cause of action. In response, Defendant Hart challenges the service of process and argues Plaintiff is estopped from claiming Article III, Section 7 of the Idaho Constitution does not apply. (Dkt. 40.) The Court finds as follows.

## 1.      Legislative Immunity

Plaintiff challenges the fifth affirmative defense as being legally insufficient in that Plaintiff Hart enjoys no legislative immunity in this case. (Dkt. 35 at 3.) The fifth affirmative defense is based on state law which, Plaintiff argues, is misplaced because Federal law controls the scope of any legislative immunity in this federal cause of action. Defendant Hart argues his fifth affirmative defense is not seeking legislative immunity to block a Federal law cause of action but, instead, challenges the sufficiency of the service of the IRS 90-day letter on him during his service in the Idaho legislature. (Dkt. 40 at 3.)

As Plaintiff points out, the "elements of, and the defenses to, a federal cause of

ORDER - 4

action are defined by federal law." (Dkt. 35 at 3-4) (quoting *Hewlett v. Rose*, 496 U.S. 356, 375 (1990).) Thus, Defendant Hart can only raise a legislative immunity defense if it is available under Federal law. *See Martinez v. California*, 444 U.S. 277, 284 and n. 8 (1980) (recognizing that state law cannot provide immunity from a suit for federal civil rights violations under § 1983); *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000). He has not done so here.

Legislative immunity arises under Federal law where the action involves "legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998); *see e.g. Timmon v. Wood*, 633 F.Supp.2d 453, 459-461 (W.D. Mich. 2008) (discussing the scope of legislative immunity). The claims raised in this case are in regard to Defendant Hart's private actions in allegedly failing to pay his federal income taxes. (Dkt. 1.) As such, it is certain in this case that Defendant Hart cannot succeed on his fifth affirmative defense despite any facts which could be proved in support of the defense; i.e. Defendant Hart is not entitled to legislative immunity under Federal law. *See Barnes*, 718 F.Supp.2d at 1170. The Plaintiff's Motion will be granted.

As to Defendant Hart's argument that the fifth affirmative defense should survive, the Court finds otherwise. Defendant Hart maintains the fifth affirmative defense seeks to enforce Article III, Section 7 of the Idaho Constitution which, he argues, affords him legislative immunity from being served civil process while the Idaho legislature is in session. (Dkt. 40 at 3.) The 90-Day letter, he argues, is the process used by the IRS to bring a taxpayer to Tax Court and, therefore, is the same as an issuance of a summons and

ORDER - 5

complaint and precluded by the Idaho constitution. (Dkt. 40 at 5.) The Court disagrees.

Again, Federal law controls the scope of any immunity raised as a defense in this federal cause of action. *See Wallis*, 202 F.3d at 1144. Under Federal law, legislative immunity does not bar service of civil process upon a legislator while the legislature is in session. *See Long v. Ansell*, 293 U.S. 76, 81-82 (1934). Furthermore, the full faith and credit statute, 28 U.S.C. § 1738 does not require otherwise. This statue demands the Court give the same treatment in federal court to a state-court's records as would be given in courts of the state from which it came. *United States v. Towne*, 997 F.2d 537, 541 (9th Cir. 1993). It does not require this Court to apply state law in a cause brought before it based on Federal law.

**2. Estoppel**

Defendant Hart argues Plaintiff is estopped from raising this Motion because it issued a second summons when he was not in an Idaho legislative session; thus, acknowledging the legislative immunity in 2006. (Dkt. 40 at 6.) Plaintiff counters that the issuance of the second summons does not operate to estopped it from raising this Motion. (Dkt. 43 at 4-5.)

In order to demonstrate that the Federal government should be estopped, Defendant Hart "must establish that the government engaged in affirmative misconduct, and that the government's conduct has caused a serious injustice." *United States v. Bell*, 602 F.3d 1074, 1082 (9th Cir. 2010) (citation and quotations omitted). Neither is present here nor has Defendant Hart alleged as such. Accordingly, the Court finds Plaintiff is not

ORDER - 6

estopped from raising their Motion.

### 3.    Conclusion

Based on the foregoing and the Court being fully advised in the premises, the Court finds the Plaintiff's Motion to Strike is well taken and will grant the same. Though such motions are generally disfavored, granting the Motion in this case will avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. Defendant Hart's fifth affirmative defense clearly lacks merit under any set of facts that he might allege. As such and for the reasons stated herein, the Court will grant the Motion.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defense (Dkt. 35) is **GRANTED**. Defendant Philip L. Hart's Fifth Affirmative Defense is **STRICKEN**.

DATED:  **April 3, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 7**