UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PHILIP HART, et al<br><br>  Defendants. | District Case No. 2:11-CV-00513-EJL<br><br>**ORDER** |

Before the Court in the above entitled matter is Defendant's Jon Lafferty, Trustee of Sarah Elizabeth Hart, Motion to Dismiss pursuant to Rule 12(b)(6). The parties have filed their responsive briefing and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

**ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, United States of America, filed a Complaint in this matter seeking to reduce tax assessments to judgment and to foreclose federal tax liens on a parcel of real property located in Kootenai County, Idaho. (Dkt. 1.) The Complaint names several Defendants including Philip L. Hart who is the primary subject of the Complaint as well as the trustee of the Sarah Elizabeth Hart Trust, Jon Lafferty, which may allege an interest in the particular real property at issue. (Dkt. 1.) Defendant Lafferty has filed the instant Motion to Dismiss arguing the Plaintiff's claims are barred by certain statutes of limitations. (Dkt. 39.) It is this Motion the Court takes up in this Order.

## STANDARD OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. Rule 12(b)(6) provides for dismissal of a claim for failure to state a claim upon which relief can be granted. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* In considering such motion, the Court accepts as true the allegations in the Complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citing *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988). In the context presented here, the Court must determine whether "the running of the statute is apparent on the face of the complaint." *Id.* (quoting *Jablon v. Dean Witter & Co.*, 614

ORDER - 2

F.2d 677, 682 (9th Cir. 1980) and citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.")).

## DISCUSSION

Defendant asserts two statutes of limitations bar the Plaintiff from pursuing a fraudulent conveyance claim against it as Plaintiffs failed to timely file this claim under Idaho Code § 55-918 and 28 U.S.C. § 3306. (Dkt. 39.) Plaintiff maintains neither statute applies to this foreclosure of a federal tax lien action because the fraudulent transfer claim accrued prior to the running of the statutes of limitations. (Dkt. 42.)

### 1.     Idaho Statute of Limitations - Idaho Code § 55-918

Idaho's statute of limitations for fraudulent conveyance actions is found in Idaho Code § 55-918 which extinguishes such action unless it is brought within four years after the transfer was made or the obligation incurred or within one year after the obligation or transfer was or could reasonably have been discovered by the claimant. Defendant argues the obligation arose at the time of the assignment and, therefore, two options exist being that Plaintiff had to file its claim either by August 8, 2001 or March 12, 2002. (Dkt. 39 at 6-7.) Because Plaintiff's claim was not filed until October 27, 2011, Defendant argues both possible statutes of limitations have been exceeded and the claim is barred. (Dkt. 39 at 6-7.) Plaintiff counters that Idaho state law cannot extinguish the rights of the federal government. (Dkt. 42 at 3.) Defendant makes no reply to this argument. (Dkt. 45.)

**ORDER - 3**

The law is clear that the United States is not subject to state statutes of limitations except in limited situations not applicable here. *See Bresson v. C.I.R.*, 213 F.3d 1173, 1175 (9th Cir. 2000) (discussing *United States v. Summerlin*, 310 U.S. 414 (1940) and *Guaranty Trust Co. v. United States*, 304 U.S. 126 (1938)); *see also Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 602–03 (1931) ("[T]he United States is not bound by state statutes of limitation unless Congress provides that it shall be."). As such, the Court agrees with Plaintiff that the statute of limitations found in Idaho Code § 55-918 does not bar the fraudulent transfer claim raised here.

### 2. Federal Statue of Limitations - 28 U.S.C. § 3306

Defendant next argues § 3306 precludes this action because it was not filed within either six or two years of the fraudulent conveyance. (Dkt. 39 at 7-8.) Plaintiff asserts § 3306 does not limit its ability to collect taxes under the Internal Revenue Code, under which this case is brought. (Dkt. 42 at 5-6.) Instead, Plaintiff contends, the applicable federal statute of limitations is found in the Internal Revenue Code at 26 U.S.C. § 6502(a)(1) allowing a claim to be brought by the United States within ten years of the assessment. (Dkt. 42 at 6.) Defendant maintains § 3306's statute of limitation applies here as it is the exclusive procedure for the United States' to recover a judgment on a debt through a court action to enforce a lien. (Dkt. 45 at 3-7.)

Section 3306 is found within the Federal Debt Collection Procedures Act ("FDCPA") , 28 U.S.C. §§ 3001 et seq., and states:

>    (a) In general.--In an action or proceeding under this subchapter for relief against a transfer or obligation, the United States, subject to section 3307 and to applicable principles of equity and in accordance with the Federal Rules of Civil Procedure, may obtain--
>    (1)   avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States;
>    (2)   a remedy under this chapter against the asset transferred or other property of the transferee; or
>    (3)   any other relief the circumstances may require.
>
>    (b) Limitation.--A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought–
>
>    (1)   under section 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;
>    (2)   under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the transfer was made or the obligation was incurred; or
>    (3)   under section 3304(a)(2) within 2 years after the transfer was made or the obligation was incurred.

28 U.S.C. § 3306. Defendant maintains § 3306 applies because this action is brought to collect taxes through a civil procedure and, therefore, the language in § 3001 applies; to-wit the FDCPA is the "exclusive civil procedures of the United States to recover a judgment on a debt." (Dkt. 45 at 4-5.) Contrary to Defendant's position, however, § 3001 is not the only means for recovering funds owed to the government. "Collection under FDCPA is an alternative means of collecting money due the United States, independent of the tax lien provisions." *United States v. Novak*, 476 F.3d 1041, 1045 n. 6 (9th Cir. 2007). The Internal Revenue Code provides two tools for the United States to use in enforcing the collection of unpaid taxes in the case of a federal tax lien including a lien-foreclosure

**ORDER - 5**

suit, 26 U.S.C. § 7403, and administrative levy, 26 U.S.C. §§ 6331-6344. *Id.* Here, Plaintiff has brought the fraudulent conveyance claim under the Internal Revenue Code. (Dkt. 1.) As such, § 3306 does not apply to this case as it is restricted to actions brought under "this subchapter," meaning brought under the FDCPA. (Dkt. 42 at 5-6.) Instead, the statute of limitations applicable to claims made in this case under the Internal Revenue Code are found in 26 U.S.C. § 6502(a)(1) which states in relevant part:

> (a) Length of period.--Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun–
>
> (1) within 10 years after the assessment of the tax
> ...

26 U.S.C. § 6502(a)(1). Thus, suits brought subject to this provision must be raised within ten years of the assessment.

This case was initiated on October 27, 2011. (Dkt. 1.) Pursuant to 26 U.S.C. §§ 6321 and 6322, the Complaint alleges tax liens arose in favor of the United States on all property and rights to property belonging to Defendant Hart as of the date of each assessment. (Dkt. 1 at 4-10 ¶¶ 12-13.) The assessment dates for Defendant Hart's tax liabilities, as alleged in the Complaint, began on March 12, 2001 and extend into the year 2011. (Dkt. 1 at 4 ¶ 12.) As to the real property relevant to this Motion, the Notices of Federal Tax Lien concerning unpaid assessments were recorded on March 23, 2004 and on April 28, 2008. (Dkt. 1 at 14 ¶ 32.) Accordingly, the Motion is denied as the assessments relevant to the Motion were filed within the ten year statute of limitations.

**ORDER - 6**

*See* 26 U.S.C. § 6502(a)(1). As to the other claims not raised in this Motion, the Court finds it will allow only those claims that fall within the ten year statute of limitations unless some other exception applies.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. 39) is **DENIED**.

DATED: **April 3, 2012**

_____
Honorable Edward J. Lodge
U. S. District Judge